An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID CHARLES ADAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61061



FILED

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Appellant filed his petition on December 16, 2010, more than nine years after issuance of the remittitur on direct appeal on October 9, 2001. Adams v. State, Docket No. 36930 (Order of Affirmance, September 12, 2001). Thus, appellant's petition was untimely filed. See NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated two post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ to the extent that he raised claims new and different from those raised in his previous petition.[2] See

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]Adams v. State, Docket No. 43467 (Order of Affirmance, January 24, 2005); Adams v. State, Docket No. 52917 (Order of Affirmance, September 21, 2009).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04616

NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. See NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant claimed that he had good cause because of allegedly new evidence supporting claims raised in his pretrial motion to suppress evidence. The district court did not err in rejecting this good cause argument. In litigating his pretrial motion to suppress evidence, appellant presented evidence and argument relating to the timing of the searches and the consent-to-search documents. Appellant did not demonstrate that the new evidence, which consists of an affidavit from S. Birch-Adams, appellant's chronological time log, and excerpts from the pretrial motion to suppress hearing, was not reasonably available to be raised in a timely petition. See Hathaway v. State, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). In fact, the affiant testified to the majority of the facts in her affidavit at the suppression hearing, and any additional facts would not have had a reasonable probability of altering the outcome of that hearing. See Kirksey v. State, 112 Nev. 980, 990, 923 P.2d 1102, 1109 (1996). Appellant's chronological time line matches the evidence and arguments presented at the suppression hearing.

To the extent that appellant claimed that his new evidence constituted actual innocence, appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); see also Pellegrini v. State, 117 Nev. 860, 887,

34 P.3d 519, 537 (2001); Mazzan v. Warden, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Notably, appellant's new evidence did not relate to his factual innocence, and thus, it was insufficient proof of actual innocence. Bousley v. United States, 523 U.S. 614, 623 (1998) (holding that actual innocence means factual innocence, not mere legal insufficiency). Appellant did not overcome the presumption of prejudice to the State as he failed to demonstrate a fundamental miscarriage of justice. We therefore conclude that the district court did not err in denying appellant's petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Connie J. Steinheimer, District Judge
David Charles Adams
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk